UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of an Application to ) <br> Enforce Administrative Subpoenas of the ) <br> ) <br> U.S. Commodity Futures Trading Commission ) <br> 1155 21st Street, NW ) <br> Three Lafayette Centre ) <br> Washington, DC 20581, ) <br> ) <br>         Applicant, ) <br> ) <br>         v. ) <br> ) <br> Colin Hayes Sullivan and Freeport Commodity ) <br> Trading, Inc., ) <br> ) <br>         Respondents. ) <br> ) | Misc. Case No.: |

## MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS

Applicant, the U.S. Commodity Futures Trading Commission ("Commission"), through its Division of Enforcement ("Division"), respectfully submits this memorandum in order to enforce compliance with administrative subpoenas issued to Respondents Colin Hayes Sullivan ("Sullivan") and Freeport Commodity Trading, Inc. ("Freeport"). The Division files this Application in connection with the Commission's investigation conducted pursuant to the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* (2012) ("the Act"), entitled "In the Matter of: Certain Persons Engaged in Unlawful Retail Commodity Transactions" ("Order of Investigation"). *See* Declaration of Commission Investigator Michael Loconte in Support of

Application for an Order to Show Cause and an Order Requiring Compliance with Administrative Subpoenas ("Investigator Decl.") ¶ 9 & exh. 3.

On June 19, 2014, the Commission issued subpoenas to Sullivan and Freeport requesting certain documents. *Id.* ¶¶ 7-8 & exhs. 1-2 (subpoenas). Rather than comply with the lawfully issued subpoenas, Respondents produced no records. Prior to filing this motion, the Commission's counsel attempted repeatedly to confer with Sullivan. However, as discussed further below, Sullivan rejected the Commission's authority to obtain any records from him and otherwise ignored Commission counsel's attempts to communicate with him. *See id.* ¶¶ 11-14 & exhs. 4-5. Because Respondents' failure to comply with the Commission's subpoenas impedes its investigation, the Commission respectfully requests that the Court issue an order enforcing the subpoenas and requiring Sullivan and Freeport to produce all responsive documents in their possession, custody, and control.

## I.  Jurisdiction and Venue

This Court has jurisdiction over an action to enforce a Commission subpoena pursuant to 7 U.S.C. § 9(8)-(9) (2012), which state in pertinent part that:

> In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Commission may invoke the aid of any court of the United States within the jurisdiction in which the investigation or proceeding is conducted . . . in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records. Such court may issue an order requiring such person to appear before [an] . . . officer designated by the Commission, there to produce records, if so ordered, or to give testimony touching the matter under investigation or in question.
>
> Any failure to obey such order of the court may be punished by the court as a contempt thereof.

Because the attorneys and investigators working on this investigation are assigned to the Washington, D.C. office of the Commission, the Commission's internal records relating to the

2

investigation are stored in its Washington, D.C. office, and the Division issued the subpoenas from, and they are returnable to, Washington, D.C., venue properly lies with this Court.

## II. Respondents

**Sullivan** is an individual who resides in Elk Grove, California. From September 1985 through May 2011, Sullivan was registered with the Commission as an Associated Person, Branch Office Manager and Principal of several Introducing Brokers, Commodity Pool Operators and Commodity Trading Advisors. Investigator Decl. ¶ 4.

**Freeport** is a suspended California corporation, which Sullivan owns and operates, or owned and operated. *Id.* ¶ 15 & exh. 6. In 2010, Freeport attempted to register with the Commission as an Introducing Broker but withdrew its application. *Id.* ¶ 4.

Several of the firms that employed Sullivan have been subject to enforcement actions by the Commission or by the National Futures Association ("NFA").[1] Sullivan himself was named as a respondent in 8 reparations cases filed by customers with the Commission, two misconduct complaints brought by the NFA, and one arbitration filed by a customer with the NFA. *Id.* ¶ 5.

## III. Facts

The Commission is an independent federal regulatory agency created by Congress to administer and enforce the Act and the Regulations promulgated thereunder ("Regulations").

### A. The Commission's Investigation

On January 16, 2014, the Commission issued the Order of Investigation pursuant to 7 U.S.C. §§ 15 and 12(a)(1) (2012). *Id.* ¶ 10 & exh. 3. The Order of Investigation authorizes designated members of the Division to take testimony under oath, subpoena witnesses, compel their attendance, and require production of records for the purpose of determining whether

---

[1] The NFA is the self-regulatory organization of the commodity futures and derivatives industry, functioning similarly to the Financial Industry Regulatory Authority ("FINRA") in the securities industry.

3

certain entities or individuals have engaged or are engaging in acts or practices in violation of 7 U.S.C. §§ 6(a), 6b and 9 (2012), or other acts or practices in violation of any other provision of the Act or Regulations that may come to the attention of Commission staff during the course of the investigations. *Id.* The Division issued its subpoenas pursuant to the Order of Investigation. *See id.*, exhs. 1-2.

In general, 7 U.S.C. § 6(a) prohibits retail financed precious metals transactions unless they are conducted on a regulated exchange. In or about October 2013, Freeport and/or Sullivan solicited or accepted orders for the purchase or sale of silver from at least one retail customer on a leveraged or financed basis in a transaction that was not conducted on an exchange. *Id.* ¶ 6. Thus, Respondents may be unlawfully operating a precious metals trading business in violation of 7 U.S.C. § 6(a).

### B. Respondents' Refusal to Comply with the Subpoenas

On June 19, 2014, the Division served its subpoenas on Sullivan and Freeport *via* certified mail at Sullivan's last known address, which is the same as Freeport's registered address. *Id.* ¶¶ 7-8, 15, exhs. 1-2 (pages entitled "Certificate of Service") & 6 (Freeport's registered address). On or about June 23, 2014, Sullivan and Freeport received the Division's subpoenas and it appears that Sullivan signed for the subpoena directed to him. *Id.*, exhs. 1-2 (pages appearing after subpoenas, with certified mailing and usps.com delivery receipts).[2]

---

[2] Pursuant to 17 C.F.R. § 11.4(c)(1) (2014), service of an administrative subpoena upon a natural person "may be effected by . . . mailing it by . . . certified mail to him at his last known address." 17 C.F.R. § 11.4(c)(2) states that service of an administrative subpoena upon a party that is not a natural person may be made by certified mail upon "a registered agent for service," or upon any officer, director or agent in charge at his last known address. As demonstrated by the declaration of its investigator, the Division has complied with 17 C.F.R. § 11.4(c). In addition, the signed certified mail return receipt (*id.*, exh. 1) and Sullivan's letter to the Commission (*id.*, exh. 4) indicate that Sullivan has actual notice of the subpoenas.

4

The subpoenas required Sullivan and Freeport to respond by July 11, 2014, but they have not produced any records to the Commission. *Id.* ¶ 10. On August 4, 2014, Commission counsel sent a letter to Sullivan, noting that both subpoenas were served and that he failed to respond, and including additional copies of the subpoenas. *Id.*, exh. 4. On August 5, 2014, the Commission received a letter from Sullivan in which he stated "I don't solicit anybody and have no customers" (*id.*), which appears to be false in light of the complaint the Division received from a customer that Sullivan solicited in 2013 (*id.* ¶ 6). On August 5, 2014, Commission counsel sent another letter to Sullivan stating that counsel had attempted to contact him by telephone, that his letter was not an adequate response to the Commission's subpoenas, and that the Commission would file a subpoena enforcement action against him in this Court. *Id.*, exh. 4. On December 10, 2014, the Commission's counsel and investigator attempted to contact Sullivan by telephone and email, but he has not responded. *Id.* ¶¶ 13-14 & exh. 5.

IV. **Argument**

   A. **The Commission has Broad Authority to Investigate Respondents' Precious Metals Trading**

Respondents continue to impede the Commission's ability to determine whether they have violated the Act or Regulations by their refusal to respond to the Commission's lawfully issued subpoenas. The Commission's authority to conduct investigations and issue subpoenas is a broad "power of inquisition" approximating that of a grand jury, and that authority may be exercised "merely on suspicion that the law is being violated, or even just because [the Commission] wants assurance that it is not." *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950); *accord RTC v. Walde*, 18 F.3d 943, 947 (D.C. Cir. 1994); *CFTC v. Ekasala*, 2014 WL 3756130, *2 (D.D.C. July 31, 2014).

5

**B.    The Commission Properly Issued Administrative Subpoenas Pursuant to the Act**

An essential component of the Commission's investigatory power is its ability to issue and serve subpoenas. *See* 7 U.S.C. § 12(a)(1) ("For the efficient execution of the provisions of this [Commodity Exchange] Act . . . the Commission may make such investigations as it deems necessary to ascertain the facts regarding the operations . . . [of] persons subject to the provisions of this Act.") *and* 7 U.S.C. § 9[3] ("any . . . officer designated by the Commission . . . may . . . subpoena witnesses, compel their attendance, take evidence, and require the production of any . . . records that the Commission deems relevant or material to the inquiry"). Having followed proper administrative procedure, the Commission "must be given substantial leeway" to investigate Respondents' activities so that it may assess whether they have "complied with or run afoul of the [Act] or CFTC Regulations." *Collins v. CFTC*, 737 F. Supp. 1467, 1485 (N.D. Ill. 1990); *see also FTC v. Texaco*, 555 F.2d 862, 872 (D.C. Cir. 1977) ("[W]hile the court's function is 'neither minor nor ministerial,' the scope of issues which may be litigated in an enforcement proceeding must be narrow, because of the important government interest in the expeditions investigation of possible unlawful activity.") (citations omitted); *United States v. Capitol Supply, Inc.*, 2014 WL 1046006, *5 (D.D.C. Mar. 19, 2014) (*citing Texaco*). Sullivan's intransigence continues to impede the Commission's analysis of Respondents' precious metals trading activities.

---

[3] In 2011, the Act was amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376. As part of the codification of this amendment, Section 6(c) of the Act, which had been codified at 7 U.S.C. §§ 9 and 15 (2006), was recodified to 7 U.S.C. § 9 (2012).

### C. The Commission Has Complied With this Circuit's Rule for Enforcing Administrative Subpoenas

"An administrative subpoena must be enforced if the information sought 'is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'" *Walde*, 18 F.3d at 946 (*quoting Morton Salt*, 338 U.S. at 652); *accord RTC v. Frates*, 61 F.3d 962, 964, (D.C. Cir. 1995); *CFTC v. Ekasala*, 2014 WL 3756130 at *2; *Capitol Supply*, 2014 WL 1046006 at *5; *see also FTC v. Ken Roberts Co.*, 276 F.3d 583, 587 (D.C. Cir. 2001), *cert. denied*, 537 U.S. 820 (2002) ("we have held that enforcement of an agency's investigatory subpoena will be denied only when there is 'a patent lack of jurisdiction' in an agency to regulate or to investigate") (*quoting CAB v. Deutsche Lufthansa Aktiengesellschaft*, 591 F.2d 951, 952 (D.C. Cir. 1979)). Here, the Commission's investigation is within its jurisdiction, and its administrative process and the subpoenas comply with this Circuit's standard for enforcement.

#### 1. The Commission's Subpoenas are Authorized by the Act

Pursuant to the Order of Investigation, the Division properly issued subpoenas to Sullivan and Freeport in order to determine if they, or anyone acting in concert with them, has violated the Act or Regulations. During the course of its investigation, the Division uncovered evidence that Respondents may be violating, or may have violated, 7 U.S.C. § 6(a) in connection with soliciting and accepting an order for the purchase of silver from a retail customer on a leveraged or financed basis. Investigator Decl. ¶ 6.

The Act provides the Commission with ample authority to investigate whether such violations have occurred. 7 U.S.C. § 9(5) permits the Commission to issue subpoenas "for the purpose of any investigation . . . under this Act" and 7 U.S.C. §12(a) broadly authorizes investigations by the Commission. In another Commission subpoena enforcement case, this Court held that the purpose of the investigation was authorized by

7

> Section 8(a) of the Act, 7 U.S.C. §12(a), in that the Commission is investigating possible violations of . . . the Act. The information sought is relevant to the broad purposes of the investigation . . . [a]nd the Act grants the Commission the authority to subpoena witnesses and to seek judicial enforcement of such subpoenas. 7 U.S.C. § [9].

*CFTC v. Harker*, 615 F. Supp. 420, 424 (D.D.C. 1985). As in *Harker*, the Commission's investigation of Respondents is plainly authorized.

### 2. The Commission's Subpoenas are not Indefinite

There is nothing indefinite or ambiguous about the subpoenas served upon Sullivan and Freeport. The Commission's subpoenas provide Respondents with specific requests for records and they have not claimed a lack of clarity. Instead, Sullivan baldly claimed that he is "not a licensed commodities broker," and his terse letter responding to the Commission's two subpoenas, Investigator Decl., exh. 4, failed to address whether he has custody or control over responsive documents.

The subpoenas issued to Sullivan and Freeport contain 22 document requests that are modeled upon subpoenas that the Commission has served in many other precious metals investigations and cases it has conducted throughout the United States during the past several years. *See, e.g., CFTC v. Hunter Wise Commodities, LLC*, 2014 WL 2022239, **15-24 (S.D. Fla. May 16, 2014) (post-trial findings in favor of the Commission); *CFTC v. Hunter Wise Commodities, LLC*, 1 F. Supp. 3d 1311, 1317-19 & 1327 (S.D. Fla. 2014) (describing precious metals dealers and granting summary judgment to the Commission). The document requests are sufficiently specific to enable Sullivan and Freeport to respond.

### 3. The Subpoenaed Documents are Plainly Relevant

The standard for determining the relevance of records and testimony requested by an administrative subpoena "'is more relaxed than in an adjudicatory one . . . . The requested

8

material, therefore, need only be relevant to the *investigation* -- the boundary of which may be defined quite generally . . . .'" *Walde*, 18 F.3d at 947 (*quoting FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1090 (D.C. Cir. 1992), *cert. denied*, 507 U.S. 910 (1993)) (emphasis in original; citations omitted)); *accord CFTC v. Ekasala*, 2014 WL 3756130 at *2. As a threshold matter, "the party resisting an administrative subpoena bears the burden of showing that the information sought is irrelevant." *Frates*, 61 F.3d at 964. In addition, a federal "agency's own appraisal of relevancy must be accepted so long as it is not obviously wrong." *Invention Submission Corp.*, 965 F.2d at 1089 (internal quotation marks and citations omitted); *accord CFTC v. Ekasala*, 2014 WL 3756130 at *2. In this instance, Respondents have not argued that the information sought is irrelevant to the Division's investigation, only that Sullivan is "not a licensed commodities broker." Investigator Decl., exh. 4.

Respondents appear to have solicited and accepted at least one order from a retail customer for a leveraged precious metals transaction. *See* Investigator Decl. ¶ 6. The documents called for by the Commission's subpoenas are plainly relevant to the Division's ability to determine whether Sullivan, Freeport, or any other person acting in concert with one or both of them has violated, or is violating, the Act or Regulations in connection with leveraged precious metals transactions.

For example, documents concerning the identity of Respondents' customers and their solicitations of them should provide sufficient information to allow the Commission to interview the customers about their contacts with Sullivan. *Id.*, exhs. 1-2, requests 1-9, 19 & 22. Documents concerning Respondents' storage and handling of precious metals could help the Commission determine whether there were any actual metals delivered to Respondents' customers. *Id.*, exhs. 1-2, requests 10-16. Plainly, documents concerning funds received by

9

Sullivan and Freeport from customers are relevant to determining the scope of Respondents' metals trading business and how they used their customers' funds. *Id.*, exhs. 1-2, requests 17-18 & 20-21.

Thus, the documents subpoenaed by the Commission are more than "reasonably relevant" to the Commission's investigation. *See Linde Thompson Langworthy Kohn & Van Dyke, P.C. v. RTC*, 5 F.3d 1508, 1516-17 (D.C. Cir. 1993) (affirming enforcement of a subpoena); *see also Capitol Supply*, 2014 WL 1046006 at *6 ("Agencies are accorded 'extreme breadth in conducting [their] investigation,' because 'a wide range of investigation is necessary and appropriate where, as here, multifaceted activities are involved, and the precise character of possible violations cannot be known in advance.'") (*quoting Linde Thompson*, 5 F.3d at 1517).

V. **Conclusion**

Because the Division's subpoenas are authorized, and because they are both specific and relevant, the Commission respectfully requests that this Court issue the attached order requiring Respondents to show cause why they should not comply. Should Respondents not show good cause, the Commission respectfully requests that this Court issue a subsequent order compelling them to comply in all respects with the Commission's subpoenas.

Respectfully submitted,

/s/ Glenn A. Chernigoff

Glenn I. Chernigoff, Trial Attorney
DC Bar No. 488500
Alison B. Wilson, Chief Trial Attorney
DC Bar No. 475992
U.S. Commodity Futures Trading Commission
Three Lafayette Center
1155 21st Street, N.W.
Washington, DC 20581
Telephone (202) 418-5305 (Chernigoff)
Facsimile (202) 418-5523
E-mail: gchernigoff@cftc.gov